UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────────

THE AMERICAN NATIONAL THEATRE AND
ACADEMY,

                                         05 Civ. 4535 (JGK)
                    Plaintiff,

                                         OPINION & ORDER
          - against –

THE AMERICAN NATIONAL THEATRE INC.,

                    Defendant.
────────────────────────────────────────────

JOHN G. KOELTL, District Judge:

     The American National Theatre and Academy ("ANTA")

brought this action seeking, in part, to enjoin the defendant

from using the name "The American National Theatre Inc."

("ANT").  In Count One of its First Amended Complaint, the

plaintiff asserts that the defendant's use of the name "The

American National Theatre Inc." violates ANTA's exclusive

right pursuant to 36 U.S.C. § 21904.  ANTA has moved for

partial summary judgment dismissing this claim.[1]

     The sole question presented here is whether § 21904,

which grants the plaintiff the "exclusive right to use the

name 'The American National Theater and Academy,'" prevents

the defendant from using the name "The American National

───────────────────────

[1] ANTA also brought claims for false designation of origin under the
Lanham Act (Count Two), interference with prospective economic advantage
(Count Three), and breach of contract (Count Four).  ANTA has not sought
summary judgment on those claims.  In a separate motion, ANT has moved to
dismiss Counts Three and Four.  That motion is the subject of a separate
opinion.

Theatre Inc."  For the reasons stated below, the Court finds

that it does not.


                                   I.

     The standard for granting summary judgment is well

established.  Summary judgment may not be granted unless "the

pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. P. 56(c); see also Celotex

Corp. v. Catrett, 477 U.S. 317, 322 (1986); Gallo v.

Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223

(2d Cir. 1994).  "[T]he trial court's task at the summary

judgment motion stage of the litigation is carefully limited

to discerning whether there are genuine issues of material

fact to be tried, not to deciding them.  Its duty, in short,

is confined at this point to issue-finding; it does not

extend to issue-resolution."  Gallo, 22 F.3d at 1224.  Based

on the undisputed facts, the plaintiff has failed to show

that it is entitled to judgment as a matter of law.


                                   2

**II.**

The following material facts are undisputed.  The
American National Theater and Academy is a nonprofit
organization, which was incorporated by an act of Congress in
1935.[2]  Act of July 5, 1935, Pub. L. No. 74-199, 49 Stat. 458
(the "Act") (Ex. A to Decl. of William M. Borchard, June 28,
2005 ("Borchard Decl.")).  The Act granted to the corporation,
the plaintiff ANTA, "the sole and exclusive right to have and
to use in carrying out its purposes the name 'The American
National Theater and Academy.'"[3]  § 5.  As codified and later
amended,[4] the grant provides:  "The corporation and its State
and local branches and subdivisions have the exclusive right

---

[2] Title 36 of the United States Code contains some 100 such
congressionally chartered nonprofit organizations.  See Ronald C. Moe, CRS
Report for Congress: Congressionally Chartered Nonprofit Organizations
("Title 36 Corporations"): What They Are and How Congress Treats Them,
April 8, 2004, at 1.  There is no general federal law of incorporation.
Id. at 2.  The creation of a federally chartered corporation thus requires
a specific congressional act, such as the one at issue here.  See id.

[3] As stated, the name of the corporation created by the Act is "The
American National Theater and Academy."  § 1.  Yet the plaintiff here uses
a spelling variation of "theater" and refers to itself as "The American
National Theatre and Academy."  The defendant also uses the spelling
"theatre" with its name.  The spelling "theater," as opposed to "theatre,"
was dropped in Britain between 1720 and 1750 but was either retained or
revived in the United States.  See Oxford English Dictionary Online,
http://www.oed.com/ (search for "theatre" or "theater") (from the 2d print
ed. 1989).  Both parties ignore this fact.

[4] The part of the charter that grants ANTA's exclusive naming right was
amended by an Act of Aug. 12, 1998, Pub. L. No. 105-225, 112 Stat. 1253
(1998) (Ex. E to Borchard Decl.).  This Act, as the plaintiff notes,
purported to revise the charters of various Title 36 corporations without
substantive change.  The defendant has raised no argument to the contrary.

3

to use the name 'The American National Theater and Academy.'"
36 U.S.C. § 21904.

On or about June 12, 2003, the defendant organized a New
York nonprofit corporation under the name "The American
National Theatre Inc."  (Plaintiff's Statement of Undisputed
Facts ("Pl.'s Stmt.") ¶ 9; Defendant's Rule 56.1
Counterstatement of Undisputed Facts ("Def.'s Stmt.") ¶ 9.)
The defendant, ANT, is unrelated to ANTA and has not obtained
ANTA's permission to use its name.  (Pl.'s Stmt. ¶ 10; Def.'s
Stmt. ¶ 10.)  ANTA brought this action seeking, in part, a
permanent and preliminary injunction restraining ANT from
using the name "The American National Theatre Inc." or the
acronym "ANT."  (See Am. Compl. at 7.)


                              **III.**

ANTA argues that its "exclusive right to use the name
'The American National Theater and Academy,'" 36 U.S.C. §
21904, prevents ANT from using the name "The American National
Theatre Inc."  ANT responds that the statute bars only the use
of identical names, and the statute thus does not exclude its
non-identical name or its use of the initials "ANT" as an
acronym.

"[T]he 'starting point in every case involving
construction of a statute is the language itself.'"  S.F. Arts

                               4

& Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 528

(1987) (alterations in original) (quoting Kelly v. Robinson,

479 U.S. 36, 43 (1986)).  Where the language of the statute is

plain, "the sole function of the courts is to enforce it

according to its terms."  United States v. Ron Pair

Enterprises, Inc., 489 U.S. 235, 241 (1989) (quoting Caminetti

v. United States, 242 U.S. 470, 485 (1917)).

     Again, the statute provides ANTA with the "exclusive

right to use the name 'The American National Theater and

Academy.'"  36 U.S.C. § 21904.  The statute's language is

plain.  ANTA has the exclusive right to use the precise name

appearing within the quotation marks:  "The American National

Theater and Academy."  The statute does not also provide ANTA

with an exclusive right to the name "The American National

Theatre," nor does it extend ANTA's exclusive right to the

initials "ANT."  Based on the statute's plain language, ANTA's

right extends to the precise name appearing within the

quotation marks, nothing more, and nothing less.

     In Blinded Veterans Assoc. v. Blinded Am. Veterans

Foundation, 872 F.2d 1035 (1989), the District of Columbia

Circuit Court of Appeals confronted a nearly identical issue.

In that case, the Blinded Veterans Association ("BVA") sought

to prevent the Blinded American Veterans Foundation ("BAVF")

from using the words "blinded" and "veterans" in its name and

the initials "BAV" as an acronym.  Blinded Veterans, 872 F.2d

at 1036.  Among other claims, BVA argued that its

congressional charter, which provided it "the sole and

exclusive right to have and use in carrying out its purposes

the name Blinded Veterans Association and such seals, emblems,

and badges as the corporation may lawfully adopt" prevented an

organization such as BAVF from "using a confusingly similar

name or logo."  See id. at 1042 (citing 36 U.S.C. § 867

(1982)).

      Writing for the panel, then-Judge Ginsburg concluded that

the statute granted BVA exclusive rights only to the name

"Blinded Veterans Association" (as well as the specific

symbols that BVA adopted).  Id.  Judge Ginsburg explained:

> BVA's charter does not extend to the words "blinded
> veterans" any more than it does to the individual
> words "blinded," "veterans," or "association."
> Given the clarity of the confined statutory
> language, unclouded by the sparse legislative
> history, we find no basis for believing that
> Congress intended the scope of the charter to extend
> beyond its literal terms.

Id. (internal citation omitted).

      The same general principle applies to the plain language

of the statute at issue here.  ANTA's charter does not extend

exclusive rights to the name "American National Theatre," any

more than it extends to the initials "ANT," or the words

"American," "national," or "theatre."

The plaintiff argues that the reference in Blinded
Veterans to the "sparse legislative history" shows that the
decision in that case was not based on the plain language
alone.  Even where the language of a statute is plain, a court
may nonetheless consider the legislative history to determine
whether there is a "clearly expressed legislative intent
contrary to the plain language" of the statute.  See Toibb v.
Radloff, 501 U.S. 157, 162 (1991) (quotation marks and
alterations omitted).  The plaintiff, however, has failed to
demonstrate a clearly expressed legislative intent contrary to
the plain language of the exclusive naming right created by
its charter.

The only aspect of the legislative history that the
plaintiff points to is a statement by a supporter of the Act
and an initial member of ANTA.  See An Act to Incorporate the
American National Theater and Academy: Hearing on H.R. 8214
Before the House Comm. on the Judiciary, 74th Cong. 14-23 (1st
Sess. 1935) (hereinafter "House Hearing") (statement of J.
Howard Reber) (Ex. C to Borchard Decl.)  In arguing for a
federal charter for ANTA, Reber stated that he was in part
concerned that "[s]ome person, taking advantage of [the]
situation, will start a similar corporation under a similar
name" in various states.  Id. at 14.  The plaintiff then
speculates that by granting ANTA's charter, Congress

7

implicitly expressed its intent to address Reber's concern

through the grant of a broad exclusive naming right.

The plaintiff's argument fails for several reasons.

First, the plaintiff relies on the single statement of an

interested citizen—not even a legislator—in support of its

argument for legislative intent.  Such a statement is entitled

to little weight.  See, e.g., Chrysler Corp. v. Brown, 441

U.S. 281, 311 (1979) ("The remarks of a single legislator,

even the sponsor, are not controlling in analyzing legislative

history.").  Second, Reber also stated his concern that there

would be a "dozen charters under the same name scattered all

over the United States."  House Hearing at 14 (emphasis

added).  The plain language of the statute presently addresses

this second concern.  In any event, these statements do not

demonstrate a clearly expressed legislative intent.  Thus, the

plain language in this case is similarly "unclouded by the

sparse legislative history."  See Blinded Veterans, 872 F.2d

at 1042.

The plaintiff attempts to distinguish Blinded Veterans on

a second ground.  The plaintiff argues that the name "Blinded

American Veterans Foundation" was clearly distinct from the

name "Blinded Veterans Association" because of the addition of

the word "American" in the former name and the substitution of

the word "foundation" for "association."  The plaintiff argues

8

that the name "The American National Theatre" identically

copies the first four words of ANTA's name.  Taken to the

extreme, the plaintiff argues, an organization could avoid

violating ANTA's exclusive naming right by merely calling

itself "American National Theater and Academy" and omitting

the word "The" from the beginning.

   First of all, this is not such a case.  The addition of

the word "Academy" in the plaintiff's name is a substantial

distinction between the two names.  In any event, the plain

language of the statute offers no basis for the Court to draw

the sorts of nuanced distinctions that the plaintiff suggests.

Unlike the language describing the exclusive naming rights in

other congressional charters, this statute contains no

language suggesting that the exclusive naming right extends to

identical subsets or derivations of the name contained in

quotation marks.  Cf. 36 U.S.C. § 21705 (granting the

exclusive right to use the name "The American Legion" or

"American Legion"); 36 U.S.C. § 22306 (granting the American

Symphony Orchestra League the exclusive right to use "words or

phrases required to carry out the duties and powers of the

corporation"); 36 U.S.C. § 30106 (granting the "exclusive

right to use the names 'The Big Brothers of America, Big

Sisters International, Incorporated,' 'Big Sisters of

America,' 'Big Brothers,' 'Big Sisters,' 'Big Brothers—Big

9

Sisters of America,' and 'Big Sisters—Big Brothers'...").
Absent any language indicating that ANTA's exclusive naming
right should extend to derivations or variations, the statute
cannot be read beyond its literal terms.

Finally, the plaintiff relies on two cases, S.F. Arts &
Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522 (1987) and
Boy Scouts of Am. v. Teal, 374 F. Supp. 1276 (E.D. Pa. 1974),
to argue that federal charters granting exclusive naming
rights should be construed broadly.  However, neither of these
cases supports the plaintiff's argument.  Both cases involved
the interpretation of federal charters with exclusive naming
rights that granted broader protection than the statute at
issue here.

In the Olympic case, the Supreme Court interpreted a
federal charter that specifically granted the United States
Olympic Committee the exclusive right to "the words 'Olympic,'
'Olympiad,' 'Citius Altius Fortius,' or any combination or
simulation thereof tending to cause confusion..." S.F. Arts &
Athletics, 483 U.S. at 528 (quoting 36 U.S.C. § 380(a)).  The
Court thus had no trouble concluding that the statute
prevented San Francisco Arts & Athletics from using the word
"Olympic" in connection with the "Gay Olympic Games." Id. at
539-40.  However, unlike the statute at issue in the Olympic
case, ANTA's exclusive naming right contains no language

10

suggesting that it extends protection to any individual words.
See Blinded Veterans, 872 F.2d at 1042.

The Boy Scouts case involved a charter that granted the
Boy Scouts "the sole and exclusive right to have and to use,"
among other things, the "words and phrases now or heretofore
used by the Boy Scouts of America in carrying out its
program."  Boy Scouts of Am., 374 F. Supp. at 1278 (citing 36
U.S.C. § 27).  In contrast to ANTA's charter, the Boy Scout's
charter extended the exclusive naming right to "words and
phrases," thus creating substantially broader protection for
the Boy Scouts' name.[5]

In sum, based on the plain language of the statute, the
statute does not extend beyond its literal terms and protects
only the plaintiff's exclusive right to use the name "The
American National Theater and Academy."  Therefore, the
statute does not preclude the defendant from using the name
"The American National Theatre Inc." or the initials "ANT."

---

[5] Congress passed the charter of the Boy Scouts of America on June 15,
1916, well before ANTA was created.  See An Act to Incorporate the Boy
Scouts of America, Pub. L. No. 64-94, § 7, 39 Stat. 228 (1916) (codified
as amended at 36 U.S.C. § 30905).  Thus, at the time ANTA was created,
Congress was on notice—based on the Boy Scouts' charter—of the sort of
language it could use to grant a broad exclusive naming right if it so
intended.  See House Hearing 6 (statement of T.S. Settle) ("We have gone
over this bill section by section....  It incorporates practically all of
the good features of the American Red Cross and the other national
charters that this body has passed from time to time...").  That Congress
did not include such language is some indication that Congress did not
intend to extend the protection granted by the statute beyond its literal
terms.

CONCLUSION

For the reasons explained above, The American National
Theatre and Academy's motion for partial summary judgment
(Doc. # 16) is **denied**.


SO ORDERED.

Dated:     New York, New York
           September 2_7_, 2006

                                    _____
                                         John G. Koeltl
                                    United States District Judge