**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────

**THE AMERICAN NATIONAL THEATRE AND,**
**ACADEMY**

                                                      **05 Civ. 4535 (JGK)**
                        Plaintiff,

                                                      **OPINION & ORDER**
    -against-

**THE AMERICAN NATIONAL THEATRE INC.,**

                        Defendant.
────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    This is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  On October 31, 2005, the plaintiff, The American National Theatre and Academy ("ANTA"), filed its First Amended Complaint ("FAC"), in which it asserted four causes of action against the defendant, The American National Theatre, Inc. ("ANT"). ANTA alleges that:  (1) ANT's use of "The American National Theatre Inc." violates ANTA's exclusive right to that name pursuant to 36 U.S.C. § 21904; (2) ANT's use of the name is a false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) ANT interfered with a prospective economic advantage; and (4) ANT breached a contractual agreement with ANTA to change its name.  ANT has moved to dismiss the third and fourth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6) for

1

failure to state a claim upon which relief can be granted. For the reasons stated below, the motion to dismiss is granted without prejudice to the plaintiff's filing an amended complaint.

**I.**

On a motion to dismiss, the allegations in the complaint are accepted as true.  See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).  In deciding a motion to dismiss, all reasonable inferences are drawn in a plaintiff's favor.  See Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  Therefore, the defendant's motion to dismiss should only be granted if it appears that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief.  See Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Grandon, 147 F.3d at 188; Goldman, 754 F.2d at 1065.

In deciding the motion, the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken.  <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002); <u>see</u> <u>also</u> <u>Brass v. Am. Film Techs., Inc.</u>, 987 F.2d 142, 150 (2d Cir. 1993); <u>Cortec Indus., Inc. v. Sum Holding L.P.</u>, 949 F.2d 42, 47-48 (2d Cir. 1991); <u>VTech Holdings Ltd. v. Lucent Techs., Inc.</u>, 172 F. Supp. 2d 435, 437 (S.D.N.Y. 2001).  "[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a document upon which it relies and which is integral to the complaint, the court may nonetheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment."  <u>Int'l Audiotext Network, Inc. v. AT & T Co.</u>, 62 F.3d 69, 72 (2d Cir. 1995) (internal citation and quotation marks omitted).

## II.

The following facts alleged in the FAC are accepted as true for the purposes of this motion.  ANTA was created in 1935 by a congressional charter, which gave it the

"exclusive right to use the name 'The American National Theater and Academy.'"  (FAC ¶¶ 3, 6.)  ANT is a nonprofit corporation that was organized under the name "The American National Theatre Inc." on June 12, 2003.  (FAC ¶ 8.)  On January 21, 2004, ANT sought to register "The American National Theatre" as a service mark with the U.S. Patent and Trademark Office.  (FAC ¶ 9.)  ANT "agreed to cease use of" the name in June 2004, but it continues to operate under that name.  (FAC ¶¶ 34, 36.)

In addition, ANTA "intended to seat certain individuals now associated with Theatre Communication Group ("TCG") as board members, and it expected these individuals to invest money and substantial time and resources into" ANTA.  (FAC ¶ 28.)  ANT was aware of ANTA's relationship with TCG and "knew or should have known that its usage of an identical name could jeopardize the arrangement."  (FAC ¶¶ 30-31.)  Because of ANT's conduct and its use of the name, ANTA claims that "this economically advantageous arrangement has been delayed, jeopardized and possibly completely thwarted."  (FAC ¶ 29.)

**III.**

**A.**

ANT argues that ANTA has failed to state a claim for interference with a prospective economic advantage.[1]  Under New York law, four elements are required for a claim for interference with a prospective economic advantage:  "(1) [the plaintiff] had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship."  Advance Relocation & Storage Co., Inc. v. Advance Comm. Movers, No. 03 Civ. 4475, 2005 WL 665119, at *12 (E.D.N.Y. March 22, 2005) (quoting Carvel Corp. v. Noonan, 350 F.3d 6, 17 (2d Cir. 2003)).  The pleading standard for a claim of interference with a prospective economic advantage has been described as "extremely high."  Astor Holdings, Inc. v. Roski, No. 01 Civ. 1905, 2002 WL 72936, at *19 (S.D.N.Y. Jan. 17, 2002); see also Genal Strap, Inc. v. Irit Dar, No. 04 Civ. 1691, 2005 WL 525547, at *3 (E.D.N.Y. Feb. 28, 2005).  ANTA has

---

[1] The parties assume that New York law applies to the state law causes of action, and the Court can accept the parties' agreement.  See Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc., 187 F.3d 229, 239 n.4 (2d Cir. 1999); Tehran-Berkeley Civil & Envtl. Eng'rs v. Tippetts-Abbett-McCarthy-Stratton, 888 F.2d 239, 242 (2d Cir. 1989).

5

not alleged sufficient facts to establish the first and third elements of its claims for prospective economic advantage.

To satisfy the first element, that the plaintiff had business relations with a third party, it is sufficient for a plaintiff to "prove that the defendant tortiously interfered with a continuing business or other customary relationship not amounting to a formal contract." Hannex Corp. v. GMI, Inc., 140 F.3d 194, 205 (2d Cir. 1998) (internal citation and quotation marks omitted). Although a formal contract is not required, "[a]t a minimum... this cause of action requires that [the] defendant's conduct interfered with a particular prospective business relationship with a specific third party." D'Andrea v. Rafla-Demetrious, 3 F. Supp. 2d 239, 250 (E.D.N.Y. 1996).

ANTA claims that it intended to "seat certain individuals now associated with [TCG] as board members" and expected those individuals to later invest time and resources into ANTA. (FAC ¶ 28.) ANTA's failure to identify these individuals specifically is not fatal to its claim. See American Preferred Prescription v. Health Mgmt., Inc., 678 N.Y.S.2d 1, 5 (App. Div. 1998) ("Plaintiff need not identify the customers by name..."). However, even viewing this claim in the light most favorable to the

plaintiff, this bare allegation that ANTA "intended" to seat these board members and "expected" them to invest resources in ANTA is insufficiently concrete to establish the sort of particularized pre-contractual relationship necessary to state a claim for interference with a prospective economic advantage.  See, e.g., D'Andrea, 3 F. Supp. 2d at 251; Riddell Sports Inc. v. Brooks, 872 F. Supp. 73, 78 (S.D.N.Y. 1995).  Although ANTA's reply to ANT's motion to dismiss suggests that ANTA may be able to allege facts sufficient to satisfy the "business relations" element of its claim for interference with a prospective economic advantage, it did not plead those facts in its FAC.

ANTA has also failed to allege that ANT acted solely out of malice or used improper means.  It is plain that there is no allegation that ANT acted solely out of malice. The allegations in the FAC suggest that ANTA was pursuing its own self interest in using its name.

There is also an insufficient allegation of improper means.  In a definition adopted by the Court of Appeals for the Second Circuit, the New York Court of Appeals has defined wrongful means as "representing physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure; they

7

do not, however, include persuasion alone although it is knowingly directed at interference with the [prospective] contract." Scutti Enter., LLC v. Park Place Entm't Corp., 322 F.3d 211, 216 (2d Cir. 2003) (internal quotation marks omitted) (quoting NBT Bancorp. Inc. v. Fleet/Norstar Fin. Group, Inc., 664 N.E.2d 492, 497 (1996)). ANTA has not made any allegation of physical violence, fraud or misrepresentation, civil suits, or criminal prosecutions. Economic pressure may be an improper means when it is levied against a "third person in matters unrelated to the business in which actor and the other compete." Scutti, 322 F.3d at 216 (quoting Restatement (Second) of Torts § 767 cmt. c (1979)). ANTA has not, however, alleged such economic pressure here.

For these reasons, ANTA has not pleaded facts sufficient to maintain an action for interference with a prospective economic advantage.

**B.**

ANT also argues that ANTA has failed to state a claim for breach of contract. Under New York law, a breach of contract claim has four elements: "(1) the making of a contract, (2) plaintiff's performance of the contract, (3) defendant's breach of the contract and (4) damages suffered by the plaintiff." Eastman Kodak Co. v. STWB Inc., No. 01

8

Civ. 5124, 2002 WL 31465798, at *15 (S.D.N.Y. Nov. 4, 2002); see also Meadowbrook-Richman, Inc. v. Associated Fin. Corp., 325 F. Supp. 2d 341, 357 (S.D.N.Y. 2004).

"A complaint for breach of contract must allege the provisions of the contract upon which the claim is based." Valley Cadillac Corp. v. Dick, 661 N.Y.S.2d 105, 106 (App. Div. 1997); see also Leepson v. Allan Riley Co., Inc., No. 04 Civ. 3720, 2006 WL 2135806, at *3 (S.D.N.Y. July 31, 2006). The plaintiff must "set forth the terms of the agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract." Chrysler Capital Corp. v. Hilltop Egg Farms, Inc., 514 N.Y.S.2d 1002, 1003 (App. Div. 1987).

ANTA has not alleged the elements necessary to state a claim for breach of contract. In its FAC, ANTA has failed to allege the most basic elements of a contract. While it has alleged that a contract existed (FAC ¶ 35), the Court is not required to accept the plaintiff's conclusory allegations or legal conclusions on a motion to dismiss. See, e.g., Achtman v. Kirby, McInerney & Squire, LLP, --- F.3d---, No. 04-5473-cv, 2006 WL 2720643, at *7 (2d Cir. Sept. 25, 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss.") (internal

9

alterations omitted).  ANTA has failed to allege what the terms of the contract were and what it was required to do under the alleged contract.  ANTA has similarly failed to allege that it performed whatever obligations it had under the alleged contract.  Therefore ANTA has not alleged sufficient facts to maintain an action for breach of contract.

**IV.**

Generally, leave to amend should be freely granted. See Foman v. Davis, 371 U.S. 178, 182 (1962).  Leave to amend should be granted in the absence of "evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility."  Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 283 (2d Cir. 2000); see also Arbitration Between Space Sys./Loral, Inc. v. Yuzhnoye Design Office, 164 F. Supp. 2d 397, 400-01 (S.D.N.Y. 2001).

ANT argues that the third cause of action should be dismissed with prejudice because any amendment would be futile.  ANTA's third cause of action is deficient because it does not allege the existence of a business relationship and because it does not claim that ANT interfered with such a relationship solely out of malice or by improper means.

10

ANTA could correct its third claim in an amended complaint by pleading these elements.

ANT also argues that the fourth cause of action should be dismissed with prejudice because "ANTA cannot in good faith allege that it ever assumed any contractual obligation of any kind, much less that it performed such an obligation." (Mem. of Law in Supp. of Def.'s Mot. to Dismiss the Am. Compl. at 8.)  ANTA should be given the opportunity to make these allegations before such a determination is made.

### CONCLUSION

For the foregoing reasons, ANT's motion to dismiss Counts Three and Four of the FAC (Doc. # 11) is **granted without prejudice to the plaintiff's filing an amended complaint.**  The plaintiff shall have twenty days from the date of this Order in which to file its second amended complaint.

SO ORDERED.

Dated: New York, New York
       September 27, 2006

_____
John G. Koeltl
United States District Judge

11